J-S34029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZANE COLBERT | |
| Appellant | No. 1518 MDA 2014 |

Appeal from the PCRA Order August 7, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002357-1992
CP-22-CR-0002358-1992

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 30, 2015**

Zane Colbert appeals *pro se* from the order entered August 7, 2014, in the Court of Common Pleas of Dauphin County that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA)[1].  Colbert claims the PCRA court erred by dismissing his PCRA petition as untimely filed.  Based upon the following, we affirm.

The PCRA court set forth the relevant procedural history in its opinion.

> In May 1992, Colbert was arrested and charged with two counts of Rape and Involuntary Deviate Sexual Intercourse.  A jury trial was held which resulted in a guilty verdict on all counts. On May 16, 1994, Colbert was sentenced to an aggregate term of incarceration of not less than thirty-two (32) nor more than sixty four (64) years in a state correctional facility.  The Pennsylvania Superior Court affirmed his convictions and on July

---

[1] 42 Pa.C.S. §§ 9541-9546.

21, 1995, a petition for allowance of appeal was denied by the Pennsylvania Supreme Court.

On April 3, 1996, [Colbert] filed his first PCRA Petition for which he was appointed counsel. After counsel filed a supplemental Petition on December 18, 1996, this Court dismissed Colbert's Petition without an evidentiary hearing on April 11, 1997. The PCRA Court's dismissal was affirmed by the Pennsylvania Superior Court and the Pennsylvania Supreme Court denied [Colbert's] petition for allowance of appeal on August 24, 1999.

Since that time, [Colbert] has filed multiple *pro se* PCRA petitions none of which were granted.[4] The instant PCRA, filed on June 23, 2014, is [Colbert's] fifth PCRA Petition. On August 5, 2014, the Commonwealth filed an Answer to Colbert's Petition. This Court dismissed [Colbert's] Petition without a hearing on August [7], 2014. On September 10, 2014, [Colbert] filed a Notice of Appeal with the Pennsylvania Superior Court.[5]

_____

[4] PCRA filed on 8/15/00 - denied and dismissed as untimely on 8/17/00. Affirmed by Superior Court on 9/9/02. PCRA file[d] on 5/7/03 - denied and dismissed as untimely on 6/2/03. PCRA filed on 12/26/07 - denied and dismissed as untimely on 3/24/08.

[5] This Court notes that [Colbert] failed to serve the Notice of Appeal on the judge of the trial court as required by Pa.R.A.P. 906(a)(2).

PCRA Court Opinion, 12/02/2014, at 1-2 (some footnotes omitted).

Our standard of review is as follows:

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations

omitted).

It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013) (citation omitted). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of a petition. ***Hernandez, supra***, 79 A.3d at 651.

> Generally, a PCRA petition must be filed within one year from the date a judgement becomes final. 42 Pa.C.S.A. § 9545(b)(1). There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. ***See Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." ***Id.*** (quoting 42 Pa.C.S.A. § 9545(b)(2)). The timeliness requirement of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157, 1161 (Pa. 2003).

***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa. Super. 2012).

Colbert does not dispute that his present PCRA petition is facially untimely. He claims, however, that his petition falls within two exceptions to the PCRA's time bar, namely, the newly discovered facts exception and the

after-recognized constitutional right exception.[2]   In pleading both exceptions, Colbert relies on the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[3]   We conclude, however, no relief is due.

_____

[2] The relevant exceptions to the PCRA time bar are set forth in Section 9545(b)(1)(i)-(iii), as follows:

(b) Time for filing petition

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

* * * *

**(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or**

**(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held that court to apply retroactively**

**(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.**

42 Pa.C.S. § 9545(b)(1)(i)-(iii), (b)(2) (emphasis supplied).

[3] Colbert additionally relies on *Commonwealth v. Hopkins* (2015), in which Colbert claims, the Pennsylvania Supreme Court held that *Alleyne* applies retroactively to PCRA petitioners.  Colbert's PCRA Petition, 2/6/2014, at 7. Colbert provides no citation to this decision.  If Colbert is referring to *Commonwealth v. Hopkins*, ____ A.3d ____ [98 MAP 2013] (Pa. June 15,
*(Footnote Continued Next Page)*

In **Alleyne v. United States**, 133 U.S. 2151 (2013), the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 2155. Applying this mandate, this Court has held that **Alleyne** renders unconstitutional mandatory minimum sentencing statutes that permit the trial court to increase a defendant's minimum based upon a preponderance of the evidence standard. **See Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (finding 42 Pa.C.S. § 9712.1 unconstitutional).

Here, after a jury convicted Colbert of two counts of rape and involuntary deviate sexual intercourse, the trial court sentenced him to an aggregate term of 32 to 64 years' incarceration. Colbert claims the "fact of whether or not [Colbert] actually had a gun should of [sic] been found by a jury and not by a preponderance of evidence by trial Judge." Colbert's brief, at 8. He alleges that his "sentence is unconstitutional and illegal." **Id.**

Colbert's petition does not satisfy either of the PCRA exceptions for newly discovered facts or an after-recognized constitutional right. "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections

(Footnote Continued) ————————————

2015), which was decided while Colbert's appeal was pending before this Court, we note that this decision does not address the issue of retroactive application of **Alleyne** to a PCRA petition.

afforded by section 9545(b)(1)(ii)." ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013) (citation omitted). Therefore, ***Alleyne***, a judicial decision, is not a "fact" that satisfies Section 9545(b)(1)(ii).

As the PCRA court correctly pointed out, a PCRA petitioner may **not** rely upon the decision of the Supreme Court in ***Alleyne*** to avail himself of the exception to the time requirements of the PCRA codified at § 9545(b)(1)(iii). ***See*** PCRA Court Opinion, 12/2/2014, at 5, citing ***Commonwealth v. Miller***, 102 A.3d 988 (Pa. Super. 2014). In ***Miller***, a panel of this Court concluded that ***Alleyne*** was an extension of the line of cases beginning with ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and further:

> Even assuming that ***Alleyne*** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable in those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time bar.

***Miller***, 102 A.3d at 995 (citations omitted) (footnote omitted).[4]

---

[4] In any event, it appears Colbert was sentenced pursuant to a deadly weapon enhancement, not mandatory minimum. ***See*** 204 Pa. Code § 303.10(a)(3)(i)-(ix). In deadly weapon enhancement cases, this Court has held ***Alleyne*** has no application.

*(Footnote Continued Next Page)*

Because Colbert's PCRA petition is time-barred, and he is unable to demonstrate the applicability of a statutory exception to the timing requirements of the Post Conviction Relief Act, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2015

(Footnote Continued) ——————————

> The sentencing enhancements only direct a sentencing court to consider a different range of potential minimum sentences, while preserving a trial court's discretion to fashion an individual sentence…. The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted.  They require only that a court consider a higher range of possible minimum sentences…. Thus, **Alleyne** has no application to the enhancements.

**Commonwealth v. Ali**, 112 A.3d 1210, 1225-1226 (Pa. Super. 2015).